005-210

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ANGELA ALIASIS,                                )
                                               )
    Plaintiff,                             )
                                               )
v.                                             )          Case No.:
                                               )
J.C. PENNEY CORPORATION, INC.,                 )          **JURY TRIAL DEMANDED**
a Delaware Corporation,                        )
                                               )
    Defendant.                             )

### COMPLAINT AT LAW

**NOW COMES** the Plaintiff, ANGELA ALIASIS, by her attorneys, ANDREOU &
CASSON, LTD., and complains of the Defendant, J.C. PENNEY, a Delaware Corporation, as
follows:

### PARTIES AND JURISDICTION

1.      Plaintiff, ANGELA ALIASIS, ("Plaintiff") brings this action against the
Defendant, J.C. PENNEY CORPORATION, INC., a Delaware Corporation, ("Defendant'), to
remedy violations of the Age Discrimination in Employment Act (ADEA) 29 U.S.C.A. §621 *et
seq.,* which resulted in the termination of Plaintiff from her employment with the Defendant.

2.      Plaintiff is a 59 year-old female and at all times relevant to this Complaint was and
remains a resident of the City of Hobart, County of Lake and State of Indiana.

3.      Defendant is a Delaware corporation engaged in the business of selling apparel,
accessories and home goods to consumers across the United States.

4.      Defendant is an "employer" within the meaning of 42 U.S.C.A. §2000e(b) and at
all times relevant to this Complaint, employed Plaintiff at its store in Calumet City, Illinois.

1

5. This Court has jurisdiction of this matter pursuant to 29 U.S.C.A. §626 and 28 U.S.C.A. §1332.

6. Venue of this Cause of Action lies in the Northern District of Illinois pursuant to 28 U.S.C.A. §1391(b)(2) as all of the unlawful actions alleged herein occurred in this District.

**FACTS UPON WHICH CLAIMS ARE BASED**

7. Plaintiff is a female, age 59.

8. Plaintiff was employed by Defendant and was hired by Defendant in July of 2010 as an Assistant Manager; Plaintiff's duties included greeting customers, selling merchandise and providing positive customer experiences; Plaintiff also managed three employees in the scope of her duties as Assistant Manager.

9. Defendant, through its employees, sells apparel and accessories to the general public.

10. In August of 2015, Mr. Marvin Ellison became the CEO of Defendant corporation; upon information and belief, Ellison previously worked as the executive vice president of Home Depot stores.

11. After August, 2015, upon information and belief, Defendant began replacing its personnel with younger employees from Ellison's prior employment with Home Depot.

12. For example, Lisa Conroy, a female over the age of 40, was employed as a general manager of Defendant. Ms. Conroy was ordered to take early retirement or go on a Performance Improvement Plan. Ms. Conroy was given the option to either resign her employment or be terminated because of her age and gender.

2

13.    At all times relevant to this Complaint, Mr. David Asitia, a male, who previously worked at Home Depot, was hired as a general manager for Defendant. Upon information and belief, Mr. Asitia is approximately 50 years old.

14.    At all times relevant to this Complaint, Mr. Leo Penna, who also previously worked at Home Depot, was hired as a general manager for Defendant. Upon information and belief, Mr. Penna is approximately 40 years old.

15.    At all times relevant to this Complaint, John "Mitch" Moore was the Defendant's District Manager; "Mitch" previously worked for Home Depot and was approximately 50 years old.

16.    At all times relevant to this Complaint, Ms. Erica Rechus was the Defendant's General Manager and was approximately 38 years old.

17.    In early August of 2018, without explanation or evidence, Plaintiff was written up by Defendant personnel as it was alleged that Plaintiff was not meeting her performance goals; Plaintiff was put on a Performance Improvement Plan.

18.    Upon information and belief, Mr. Moore directed Ms. Rechus to put Plaintiff on a Performance Improvement Plan.

19.    On August 18, 2018, Plaintiff was terminated from her position

## COUNT I
## AGE DISCRIMINATION
### 29 U.S.C.A. §621 *et seq*

20.    Plaintiff repeats and re-alleges Paragraphs 1 through 19 above as its Paragraphs 1 through 19 of Count I as though fully plead hereat.

3

21. Defendant, acting by and through its agents during the course of and within the scope of their employment and/or agency, intentionally subjected Plaintiff to adverse employment actions, including but not limited to, terminating Plaintiff's employment.

22. Defendant acted intentionally in treating relatively younger employees more favorable than Plaintiff in the terms and conditions of their employment, including but not limited to the promotion and retention of employees.

23. By treating younger employees more favorably in the terms of their conditions of their employment, Defendant intentionally discriminated against Plaintiff on the basis of her age, in violation of the ADEA.

24. Plaintiff was unfairly disciplined, berated, had rules applied to her that were not applied to younger employees, and was terminated because of her age.

25. As a proximate result of the actions complained of herein, Plaintiff has suffered loss of wages, compensation and benefits and as well as emotional distress.

WHEREFORE, the Plaintiff prays for judgment in her favor and against Defendant as follows:

a) that a finding be entered that Defendant intentionally discriminated against Plaintiff because of her age in violation of the ADEA;

b) that Plaintiff be awarded all wages, benefits, and other compensation due to her as a result of the discriminatory conduct of Defendant;

c) that Plaintiff be reinstated to her position or to a comparable position, and if reinstatement is not feasible, that this Court award Plaintiff front pay in lieu thereof;

d) that Plaintiff be awarded reasonable attorney fees and costs;

e) that Plaintiff be awarded prejudgment interest; and,

4

f)      that Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT II
## AGE DISCRIMINATION (WILFULL CONDUCT)
### 29 U.S.C.A. §621 *et seq*

26.      Plaintiff repeats and re-alleges Paragraphs 1 through 25 above as its Paragraphs 1 through 25 of Count II as though fully plead hereat.

27.      By terminating Plaintiff's employment, Defendant knew and/or showed reckless disregard for the matter of whether its conduct complained of was prohibited by the ADEA.

WHEREFORE, the Plaintiff prays for judgment in her favor and against Defendant as follows:

a)      that a finding be entered that Defendant intentionally discriminated against Plaintiff because of her age in violation of the ADEA;

b)      that Plaintiff be awarded all wages, benefits, and other compensation due to her as a result of the discriminatory conduct of Defendant;

c)      that Plaintiff be reinstated to her position or to a comparable position, and if reinstatement is not feasible, that this Court award Plaintiff front pay in lieu thereof;

d)      that Plaintiff be awarded reasonable attorneys fees and costs;

e)      that Plaintiff be awarded prejudgment interest;

f)      that Plaintiff be awarded punitive damages; and,

f)      that Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT III
## GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ET.SEQ.
### 42 U.S.C. §2000E

28.      Plaintiff repeats and re-alleges Paragraphs 1 through 25 above as its Paragraphs 1 through 27 of Count III as though fully plead hereat.

5

29. Defendant had no just reason to discharge Plaintiff.

30. Defendant subjected Plaintiff to different terms and conditions of employment from similarly situated male co-workers.

31. Similarly situated male employees were not similarly treated by Defendant.

32. On information and belief, Defendant's disparate treatment of Plaintiff was unlawfully gender-motivated and thus constitutes unlawful gender biased employment discrimination against Plaintiff.

33. As a result of Defendant's disparate treatment against Plaintiff, Plaintiff's employment prospects and career have been significantly diminished.

WHEREFORE, the Plaintiff prays for judgment in her favor and against Defendant as follows:

a) that a finding be entered that Defendant intentionally discriminated against Plaintiff because of her gender;

b) that Plaintiff be awarded all wages, benefits, and other compensation due to her as a result of the discriminatory conduct of Defendant;

c) that Plaintiff be reinstated to her position or to a comparable position, and if reinstatement is not feasible, that this Court award Plaintiff front pay in lieu thereof;

d) that Plaintiff be awarded reasonable attorneys fees and costs;

e) that Plaintiff be awarded prejudgment interest;

f) that Plaintiff be awarded punitive damages; and,

f) that Plaintiff be awarded such other relief as this Court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by a jury.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: */s/Luke A. Casson*
      Luke A. Casson

Luke A. Casson
Lisa A. Wesolowski
Andreou & Casson, Ltd.
Attorneys for Plaintiff
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
Main: 312.935.2000
Facsimile 312.935.2001
lcasson@andreou-casson.com
lwesolowski@andreou-casson.com